UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS,

        Plaintiff,

v.                                          Case Number: 08-cv-14546

PATRICIA CARUSO, et al.,

        Defendants.
                                      /

### ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

Pending before the court is a *pro se* civil rights complaint, filed by Plaintiff Niko Simmons pursuant to 42 U.S.C. § 1983. Plaintiff, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court will dismiss 1) Plaintiff's claim related to his prison placement and security classification, 2) Plaintiff's equal protection claim, and 3) Plaintiff's claim against Defendant Caruso because Plaintiff fails to state a claim upon which relief may be granted with respect to these claims and Defendant Caruso.

### I. BACKGROUND

In his complaint, Plaintiff alleges that Defendants Augustine and Walls assaulted him on October 21, 2006, while he was incarcerated at the Macomb Correctional Facility. He also alleges that his rights under the Due Process Clause were violated when he was removed from his prison job assignment in August 2006, without adequate cause or justification, and when he was not incarcerated in the least restrictive

environment. Finally, Plaintiff alleges that his rights under the Equal Protection Clause were violated when Defendants Augustine and Wells placed him in segregation for going to a vending machine, an action he claims is protected.

## II. STANDARD

Complaints filed pursuant to 28 U.S.C. § 1915(a)(1) are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, viewing all facts and inferences in a light most favorable to the plaintiff, it is evident that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. DISCUSSION

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Absent either

element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, Plaintiff alleges that his rights under the Due Process Clause were violated when he was removed from his prison job assignment without cause or justification and when he was not incarcerated in the least restrictive environment. A prisoner has no constitutionally protected right to a prison job or a particular prison wage. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *see also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (holding that prisoners have no constitutionally protected liberty or property interests per se in their prison job assignments); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that prisoner had no constitutionally protected property interest in work release program); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) ("[I]nmates have no constitutional right to be assigned to a particular job."). In addition, a prisoner has no constitutional right to be held in a specific security classification. *Harris v. Truesdell*, 79 Fed. App'x 756, 759 (6th Cir. 2003) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Further, a prisoner has no constitutional right to be incarcerated at a particular prison. *Merchant v. Hawk-Sawyer*, 37 Fed. App'x 143, 145 (6th Cir. 2002). Because Plaintiff does not have a constitutional right to be assigned a particular job or to be assigned to a particular prison or a particular security classification, Plaintiff has failed to state a claim upon which relief may be granted with respect to these claims. Therefore, the court will dismiss Plaintiff's claims related to his place of incarceration and security classification for failure to state a claim upon which relief may be granted.

Second, Plaintiff's claim regarding access to a vending machine is also without merit.  A viable claim that a defendant has violated the Fourteenth Amendment's Equal Protection Clause requires a state actor's intentional discrimination because of the plaintiff's membership in a protected class.  *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).  Plaintiff does not allege that Defendant Augustine and Wells' actions were based upon Plaintiff's membership in a protected class.  Therefore, he fails to state a claim upon which relief may be granted, and the court will dismiss Plaintiff's equal protection claim.

Finally, Plaintiff names as a defendant Patricia Caruso, director of the Michigan Department of Corrections.  His claims against defendant Caruso appear to be based solely upon her failure to classify Plaintiff to the security classification or to the particular prison he thought appropriate.  As discussed above, a prisoner has no right to a particular security classification or to be confined to a particular prison.  Therefore, Plaintiff's claims that Defendant Caruso failed to classify him in a particular way fails to allege the violation of a protected right.

Moreover, to the extent that Plaintiff names Defendant Caruso because she is a supervisor of Defendants Augustine and Wells, this claim is also without merit.  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability to supervisory personnel, *see Monell v. Dep't of Soc.Serv. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Liability of supervisory personnel must be based on

more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982)). In this case, Plaintiff fails to allege any specific conduct by Defendant Caruso that would support a finding that she directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Therefore, the court will dismiss the claims against Defendant Caruso.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's claims related to his place of incarceration and security classification and Plaintiff's equal protection claim are DISMISSED.

IT IS FURTHER ORDERED that the claims against Defendant Caruso are DISMISSED.

Finally, IT IS ORDERED that the United States Marshal shall serve the appropriate papers in this case on Defendants Augustine and Walls without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: January 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2009, by electronic and/or ordinary mail.

                                                     s/Lisa G. Wagner
                                                     Case Manager and Deputy Clerk
                                                     (313) 234-5522