UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS,

        Plaintiff,

v.                                        Case Number: 08-cv-14546

PATRICIA CARUSO, et al.,

        Defendants.
                                    /

**ORDER CONSTRUING PLAINTIFF'S "OBJECTION TO
PREPAYMENT OF COURT COSTS AND FEES" AS A MOTION
FOR RECONSIDERATION AND DENYING THE "OBJECTION"**

On October 27, 2008, Plaintiff Niko Simmons filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On January 9, 2009, the court issued an order of partial dismissal of Plaintiff's due process and equal protection claims for failure to state a claim.[1] Plaintiff then sought to appeal the court's January 9, 2009 order to the Sixth Circuit Court of Appeals. The Sixth Circuit dismissed Plaintiff's appeal because it was not taken from an appealable order. On March 24, 2009, this court granted Plaintiff's application to proceed without prepayment of the filing fee for his appeal but ordered that Plaintiff nonetheless pay the full filing fee of $455.00 for the appeal. (03/24/09

---

[1] Plaintiff, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, is proceeding without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). Complaints filed pursuant to 28 U.S.C. § 1915(a)(1) are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Order.)  Now before the court is Plaintiff's "Objection to Prepayment of Court Costs and Fees," filed April 6, 2009.  In his "Objection," Plaintiff states that the "interlocutory appeal should proceed without the $455.00 application fees being ordered because the partial dismissal is not justified under the standard used for the partial dismissal."  (Pl.'s Obj. 1.)  Because the court already ordered the payment of application fees, the court will construe Plaintiff's "Objection" as a motion for reconsideration and will deny it. Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

      Plaintiff asserts that the court should not assess him the $455.00 application fees for his appeal because the decision he appealed was incorrectly decided.  (Pl.'s Obj. 2.) Plaintiff also contends that he should not be charged the fees because the Sixth Circuit dismissed his appeal.  (*Id.*)  Plaintiff's arguments for reconsideration amount to a disagreement with the court's March 24, 2009 order.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952.  Plaintiff cannot circumvent payment of fees upon appeal merely because he disagrees with the district court's order; nor can Plaintiff

2

circumvent payment of fees upon appeal merely because the Sixth Circuit does not decide Plaintiff's appeal in the manner he desires. Plaintiff has not satisfied the standard for reconsideration because he has not identified a "palpable defect" in the court's March 24, 2009 order, the correction of which would "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that Plaintiff's "Objection to Prepayment of Court Costs and Fees" [Dkt. # 25] is construed as a motion for reconsideration and is DENIED.

        s/Robert H. Cleland        
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 28, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 28, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner        
        Case Manager and Deputy Clerk
        (313) 234-5522