UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIKO SIMMONS,

        Plaintiff,

v.                                             Case Number: 08-cv-14546

PATRICIA CARUSO, et al.,

        Defendants.
                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff Niko Simmon's motion for reconsideration, filed August 6, 2009. On October 27, 2008, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On January 9, 2009, the court issued an order of partial dismissal of Plaintiff's due process and equal protection claims for failure to state a claim.[1] The court then referred this matter to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1, and the magistrate judge issue a report and recommendation ("R&R") on June 17, 2009. Plaintiff filed no objections to the R&R, and on July 22, 2009, this court adopted and incorporated by reference the magistrate judge's report and recommendation granting Defendants'

---

[1] Plaintiff, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, is proceeding without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). Complaints filed pursuant to 28 U.S.C. § 1915(a)(1) are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

motions to dismiss and for summary judgment and denying as moot several other pending motions.  (7/22/09 Order.)  The failure to object to the magistrate judge's report releases the court from its duty to independently review the motion.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Any objection was due within ten days of service.  No objection, however, was filed.  For the reasons stated below, the court will deny Plaintiff's motion for reconsideration.

### I.  STANDARD

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### II.  DISCUSSION

In his motion, Plaintiff argues that the magistrate judge did not consider certain documents filed by Plaintiff in the R&R.  (Mot. at 1.)  Plaintiff also argues that he exhausted his administrative remedies and that therefore the court should not have dismissed his complaint.  (*Id.*)  Plaintiff also attempts to challenge the law governing

R&Rs.[2]  (*Id.*)  Plaintiff further disagrees with the partial filing fee he was required to pay and makes conclusory allegations of discrimination and denial of due process.  (*Id.* at 2.)  Finally, Plaintiff quotes the statutes applicable to his case and disagrees with the court's application of them to him.

Plaintiff disagrees with the rulings of the court and the magistrate judge, but he does not identify a "palpable defect" in the court's July 22, 2009 order, the correction of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  In the R&R, the magistrate judge found that Plaintiff had failed to fully exhaust his administrative remedies and that even if Plaintiff had exhausted his administrative remedies, the magistrate judge would still have recommended that the court grant summary judgment for Defendants on the merits of Plaintiff's claim.  (6/17/09 R&R.)  This court agreed with the R&R and adopted and incorporated it by reference in its entirety.  (7/22/09 Order.)  While Plaintiff identifies a number of issues regarding which he disagrees with the court's analysis, Plaintiff does not identify a "palpable defect," i.e., a defect that is "'obvious, clear, unmistakable, manifest, or plain.'"  *Lockett*, 328 F. Supp. 2d at 684 (quoting *Cican,* 156 F. Supp. 2d at 668).  Plaintiff merely attempts to reargue and relitigate the matters already decided by the court, such as the law governing this matter, the appropriate standards of review, and their application to the facts presented by Plaintiff and Defendants.  However, these are insufficient grounds for

---

[2] Plaintiff notes that the footnote in the court's July 22, 2009 order referenced an incorrect date – April 30, 2004.  The error was a clerical one, and should have stated June 27, 2009.  In any event, Plaintiff did not file his objections to the R&R within the prescribed time period.

the court to grant Plaintiff's motion.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952.  Accordingly, the court will deny Plaintiff's motion.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 47] is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2009, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522